## Mary J. Meyer
## v.
## Joseph Meyer, Sr., et al.

*Former Adjudication—Deed—Construction of.*

1.  A decree in chancery is as conclusive as a judgment at law, and may be set up in bar of another bill asking for a decree on the same subject. matter.

2.  In a controversy involving the construction of a clause in a deed, this court construes the same contrary to the contention of the complainant, and declines to interfere with a decree dismissing her bill, there being a complete remedy at law.

[Opinion filed September 11, 1891.]

In error to the Circuit Court of St. Clair County; the Hon. William H. Snyder, Judge, presiding.

Messrs. Winkelman & Slate, for plaintiff in error.

Messrs. W. H. Horine and F. G. Cockrell, for defendants in error.

Phillips, P. J.   This bill alleges that on the 7th of May, 1857, Frederick Meyer was the owner of certain lands in Monroe County, Illinois, which he on that date conveyed to his sons, Frederick Meyer, Jacob Meyer and Joseph Meyer, in consideration of $5,000, and the further consideration, "that the said party of the second part shall and will truly maintain the said party of the first part during their, and each of their, natural life, either by payment in money to be quarterly made in every year, the sum of the said quarterly payments shall be $200, to be demanded at every end of each quarter; if not collected at the end of each quarter, the payment shall be considered waived on the part of the party of the first part, and need not be paid by them, by the said party of the second part, and the party of the second part shall not be bound for arrearages if not demanded."

Meyer v. Meyer.

The plaintiff in error was the wife of Frederick Meyer, who died after the execution of the deed and this bill is filed alleging a demand for three of the quarterly payments for the year 1887, and claims that there is due on those three quarterly payments of that year the sum of $600. The question presented on this record is a construction of the clause of the deed as to whether each quarterly payment shall be $50 or $200. By the language used, "by payment in money to be quarterly made in every year, the sum of said quarterly payments shall be $200, to be demanded at every end of each quarter," must be held to mean that the sum of said quarterly payment shall be $200 and not that the sum of such quarterly payment shall be $600. The answer and proofs show the defendants have been ready and willing to pay the sum of $50 per quarter and have tendered the same. It further appears from the answer and proof that a bill for the construction of this deed and for an account was filed at the March term, A. D. 1887, of the Monroe County Circuit Court, and answer and replication filed, and on hearing a decree was entered finding that $50 per quarter was the amount to be paid, and decreeing a judgment of $350, which was paid and accepted. That decree for the construction of the deed and for an account is set up as a bar to the jurisdiction of a court of equity in this case. A decree in chancery is as conclusive as a judgment at law and may be set up in bar of another bill asking for a decree on the same subject-matter. Freeman on Judgments, Sec. 248; Hanna et al. v. Read et al., 102 Ill. 596.

These two bills are for the construction of this same deed, and so far as the construction of the deed is asked, that adjudication must be held a bar to the same construction asked here. That part of the bill which asks a construction is the sole ground of equitable jurisdiction, for if the sum is certain and determinate, there is no reason to resort to a court of equity to seek a recovery as the remedy at law is ample.

It is urged, however, as the answer admitted an indebtedness of $50, and tendered the same as an amount due and owing, the court erred in entering a decree dismissing the bill. The bill being a bill seeking a construction of this deed

and asking for a recovery on the theory urged by complainants that the sum due was $200 per quarter, and the former adjudication being a bar to that part of the bill which gave a court of equity jurisdiction, it was not error to dismiss the bill as there was a complete remedy at law.    Finding no error in the record the decree is affirmed.

*Decree affirmed.*