ROBERT H. TINKER *et al.*

*v.*

ANNIE C. BABCOCK *et al.*

*Opinion filed October 26, 1903.*

1. BILLS AND NOTES—*when heirs cannot be compelled to pay a note.* Heirs of deceased maker of a note cannot be compelled, in equity, by the other joint makers, to pay the note, where the executor of the deceased maker's estate was not made a party to the proceeding and it appears that the personal estate of the deceased was ample to discharge all claims against it.

2. EQUITY—*when demurrer is properly sustained to bill for discharge of liability on note.* A demurrer is properly sustained to a bill praying for discharge of the liability of complainants on a promissory note, where it appears the subject matter of the suit is pending on appeal from a former decree in chancery fixing complainants' liability and denying them relief.

3. RES JUDICATA—*doctrine not confined to matters actually litigated.* The doctrine of *res judicata* is not confined to matters actually determined, but extends to all matters coming within the legitimate purview of the litigation which might have been raised and determined in respect both to matters of claim and defense.

*Tinker* v. *Babcock*, 107 Ill. App. 78, affirmed.

Appeal from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. O. H. Horton, Judge,
presiding.

This is a proceeding in chancery by Robert H. Tinker
and F. G. Tibbits, who are the appellants here, against
Thomas D. Catlin and the heirs and devisees of Benjamin
H. Campbell, deceased, seeking to discharge appellants'
liability upon a promissory note.    In the circuit court
of Cook county, where this proceeding was begun, the
court sustained a demurrer to the bill.    An appeal was
prosecuted to the Appellate Court for the First District
to reverse the decree sustaining the demurrer.    From a
judgment of affirmance there, this appeal is prosecuted.

The note was made October 1, 1890, for the sum of
$34,290.05, payable to the order of Catlin, six months
after its date, and signed by Sidney A. Stephens, Ben-
jamin H. Campbell, Robert H. Tinker and F. G. Tibbits.
In November following the date of the note Campbell
died, leaving a large estate, which he disposed of by will.
His executor was duly qualified and administered upon
the estate in the probate court of Cook county.    The
holder of the note, upon its maturity, sold certain col-
lateral which had been taken as an additional security,
reducing the amount of the indebtedness to about $18,-
000, for which balance he recovered a judgment against
Stephens, Tinker and Tibbits, the surviving makers of
the note.    No claim was presented by the holder of the
note against the estate of Campbell, and nothing was
done by him with reference thereto within the two years
except to file a petition praying to have the executor file
an inventory, in which petition the petitioner stated that
he had a claim against said estate of over $18,000.

The bill in this case, after alleging the foregoing
facts, in substance avers that after the recovery of the
judgment against complainants, and its affirmance upon

appeal to the Appellate and Supreme Courts, a proceeding in chancery was instituted by them against Catlin and the heirs of Campbell, in 1894, to vacate said judgment as against them, praying for a perpetual injunction against the enforcement of the same; that a decree was entered in that cause dismissing the bill as to the heirs and devisees of Campbell, and holding that "as to the defendant Thomas D. Catlin, Benjamin H. Campbell and the complainants, as signers of the said note of October 1, 1890, were principal makers, and the said defendant Thomas D. Catlin did not, by his failure to present his claim upon said note to the probate court of Cook county for allowance against the estate of Benjamin H. Campbell, etc., within two years after the letters testamentary therein, release or discharge the complainants, or either of them, from their liability upon said note or the debt evidenced thereby or the judgment rendered thereon."

The present bill further alleges that the holder of the note failed to press his claim against the estate of Campbell by reason of some arrangement or agreement between the holder and the estate, and concludes with the prayer, first, that the complainants, by reason of said arrangement, be discharged from liability on the note; second, or that the filing of the petition in the probate court by the holder of the note to cause the executor to file an inventory be adjudged a filing of the claim of Catlin against the estate of Campbell, and that the said heirs and devisees pay the same.

KRETZINGER, GALLAGHER & ROONEY, for appellants.

BENTLEY & BURLING, and HARLAN & BATES, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The demurrer admitting all facts well pleaded, the question for our determination is whether or not the bill, upon its face, presented such a case as would give ap-

pellants a standing in a court of equity. Relief is sought against the heirs and devisees of Campbell on the one hand and against Catlin on the other. As to the former, they are not proper parties to the bill. The liability of Benjamin H. Campbell, by virtue of his signing the note in question, is a claim which could only be presented against his estate. The executor of that estate, its legal representative, not being made a party, and it appearing that the personal estate was amply sufficient to discharge all claims and liabilities against it, and that the claim here in question was then in existence capable of being adjudicated, in no event could the relief asked for against the heirs and devisees be granted. *Hoffman* v. *Wilding*, 85 Ill. 453; *People* v. *Brooks*, 123 id. 246.

Nor could the relief asked be granted in this proceeding against Catlin. The former proceeding in chancery, set forth in this bill, has already determined complainants' liability to Catlin, the decree holding that as to him appellants were not sureties, but principal makers with Campbell. The former adjudication, which, as alleged, is still pending upon appeal, fixes appellants' liability as makers, in common with Campbell, so far as the present bill is concerned. So, treating their liability to Catlin as determined by the former decree, it clearly can not be denied in this proceeding.

It is also alleged in this bill that the holder of the note and the attorney for the estate of Campbell entered into a "certain arrangement and agreement, * * * the exact terms of which * * * complainants have been unable to learn," the purpose being to enforce the collection of this claim from complainants by not presenting it to Campbell's estate within the two years in which such claims could be presented, and this arrangement, it is insisted, ought in equity to discharge complainants from liability to Catlin. Aside from the fact that the allegation is wholly insufficient, the terms and conditions of the contract not being set forth and therefore not ca-

pable of being either admitted or denied, we think enough appears upon the face of the bill to show that this defense was urged in the former chancery proceeding to defeat the collection of the judgment. It will certainly not be contended that complainants may, by a second proceeding in chancery between the same parties, again submit that question to judicial determination. Appellants' counsel seem to contend that in the former proceeding this defense was not urged. Even if the present bill failed to sufficiently show that the defense was urged in the other proceeding, complainants would still be precluded from insisting upon it here, for the reason that it was the duty of complainants, having knowledge thereof, to set forth all facts, and urge in one proceeding all their equitable defenses against the collection of said judgment. The former suit involved the same subject matter between complainants and Catlin. The decree in that case is final and conclusive, "not only as to the matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and defense." Freeman on Judgments,—2d ed.—sec. 249; *Harmon* v. *Auditor*, 123 Ill. 122, and cases cited.

For the reason that it appears from the face of the bill the executor of the estate of Benjamin H. Campbell is not made a party to the bill, and that as to Catlin, the other party against whom relief is sought, the same subject matter of this cause is pending in another chancery proceeding, we think the circuit court properly sustained the demurrer.

The judgments of the Appellate and circuit courts will be affirmed.                    *Judgment affirmed.*