# Octoraro Water Co. *v.* Garrison et al., Appellants.

*Deeds—Cloud on title—Mineral rights—Construction of deed— Evidence—Written proceedings prior to deed—Equity—Jurisdiction in equity.*

1. A cloud on title is a title or encumbrance apparently valid, but in fact invalid.

2. Nothing so certainly answers the definition of the term cloud on title, as the placing on record of a deed for that which another owns, a grant which, although it assumes to convey something, in reality conveys nothing at all.

3. Equity has jurisdiction to remove clouds from title, and in a proper case it will direct the instrument casting the cloud on the title to be delivered up and cancelled.

4. Where a deed conveying land, described by metes and bounds, situate in Pennsylvania, and all the water rights in a creek appertaining to the land, and also the mining and water rights in said creek, and in and upon all the lands of the grantor situated in two counties of Pennsylvania specifically named, "and in Maryland, lying in, along the creek," applies not only to the lands in Maryland, but also conveys all mining and water rights in the two counties in Pennsylvania.

5. In an equity suit to remove a cloud on the title to the mining rights in Pennsylvania, where the case turns on the construction of the deed, it is proper to consider written proceedings prior to the

deed, in a Maryland court, by which trustees were authorized to convey lands to plaintiff, if such proceedings showed a clear intention to transfer to plaintiff all the mining rights in the two Pennsylvania counties.

Argued May 26, 1921.   Appeal, No. 196, Jan. T., 1921, by defendants, from decree of C. P. Lancaster Co., for plaintiff, on bail in equity, in case of Octoraro Water Co. v. F. Lynwood Garrison et al.  Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Bill in equity to cancel deeds alleged to be a cloud on title.  Before HASSLER, J.

The opinion of the Supreme Court states the facts.

Decree entered as prayed for.   Defendants appealed.

*Error assigned,* among others, was decree, quoting it.

*John M. Groff* and *John E. Malone,* for appellant.— The deed of December 13, 1904, furnished no sufficient description of the lands on which the mining rights were located to pass title to same to appellee: Dillon v. Hegarty, 222 Pa. 166; Miller v. Smith, 33 Pa. 386; Peart v. Brice, 152 Pa. 277; Mellon v. Davidson, 123 Pa. 298; Hammer v. McEldowney, 46 Pa. 334.

*John A. Coyle,* with him *John A. Nauman,* for appellee.—The words, "in, along Octoraro Creek" in the deed are descriptive of the mining and water rights in Maryland only, and do not refer to the mineral, mining and water rights in Chester and Lancaster Counties, Pennsylvania; and these words are used in the deed instead of the words "abutting on Octoraro Creek," used in the agreement; and they mean practically the same thing.

Plaintiff's bill sets forth and the proof establishes a plain case of a cloud on a title, the lack of a proper remedy at law and the right for the intervention or equity to quiet its title: Kay v. Scates, 37 Pa. 31; Stewart's App.,

78 Pa. 88; Kennedy v. Kennedy, 43 Pa. 413; Wilson v. Getty, 57 Pa. 266; Thompson's App., 107 Pa. 559; Lewis v. Parrot, 37 W. N. C. 330; Sears v. Scranton Trust Co., 228 Pa. 126; Heppenstall v. Leng, 217 Pa. 491; Dillon v. Hegarty, 222 Pa. 166.

The deeds mentioned in complainant's bill as constituting a cloud on its title and which it seeks to have cancelled would undoubtedly impair the market value of the premises, thus meriting equitable relief and courts of equity have often given relief for this reason: Stewart's App., 78 Pa. 88; Thompson's App., 107 Pa. 559; Dull's App., 113 Pa. 510; Mortland v. Mortland, 151 Pa. 593; Duff v. McDonough, 155 Pa. 10 Dillon v. Hegarty, 55 Pa. 10; Barton v. Thaw, 246 Pa. 348.

OPINION BY MR. JUSTICE SCHAFFER, July 1, 1921:

In this bill in equity, plaintiff alleges that three certain deeds, one to F. Lynwood Garrison, another by him to the Chrome Mining Company, and the third, from the receivers of the Tyson Mining Company to the Chrome Mining Company, constitute a cloud on complainant's title and prays they may be set aside and annulled. The chancellor, after hearing, granted the relief prayed for, and defendants have appealed.

The controversy, in its final analysis, sifts down to the construction of a single paragraph in the deed to plaintiff, its construction being helped and made indubitable by giving consideration to the circumstances leading up to the execution of this deed and the one to the defendant, Garrison, as evidenced by certain other writings.

Jesse Tyson, surviving trustee of Isaac Tyson, Jr., in pursuance of the decree of the Circuit Court of Baltimore City, Maryland, on December 13, 1904, conveyed to plaintiff a tract of 461.8 acres of land, situated in Chester County, this State. In addition to the land, which was described by metes and bounds, the deed contains this further grant: "Together with all water rights in said Octoraro Creek belonging or appertaining to the

premises above described, and also all and singular the mineral, mining, water and other rights and privileges in said Octoraro Creek and in and upon the lands situate in both Chester and Lancaster Counties, Pennsylvania, and in Maryland, lying in, along said Octoraro Creek, of whatsoever nature and by whomsoever granted, reserved, acquired and owned by the said Isaac Tyson, Jr., during his lifetime, the Tyson Mining Company, and the said executors and trustees or the survivor of them."

If by the foregoing, plaintiff acquired all the mining rights and privileges in and upon the lands situate in both Chester and Lancaster Counties, and in addition, such rights in Maryland, "lying in, along said Octoraro Creek," as the grantor was competent to convey, then plaintiff is entitled to the relief it seeks; while on the other hand, if the expression, "lying in, along said Octoraro Creek," qualifies not only the word "Maryland" but also the words "the lands situate in both Chester and Lancaster Counties," plaintiff fails to make out its case. In other words, if the mining rights conveyed both in Chester and Lancaster Counties, and in Maryland, were those lying in and along Octoraro Creek, plaintiff can assert no rights against defendants, who do not claim anything in and along Octoraro Creek, but do claim mining rights, under their grants in lands in Lancaster County not along Octoraro Creek; whereas if, by the paragraph quoted, all the mineral rights of the grantor, in Chester and Lancaster Counties, were conveyed to plaintiff, then defendants took nothing by the conveyance which they produce, and their deeds, purporting to convey that which had already been assured to plaintiff, are a cloud on its title, which it has the right to have removed.

As before stated, the deed to plaintiff is dated December 13, 1904, and is from Jesse Tyson, surviving trustee of the estate of Isaac Tyson, Jr. Thirteen years later, on November 16, 1917, Richard H. Pleasants, as substituted trustee of the estate of Isaac Tyson, Jr., conveyed to F.

Lynwood Garrison, one of defendants, all the mining rights and privileges in Lancaster County, belonging to the estate of Isaac Tyson, Jr., and particularly those reserved in three deeds for lands in that county, not in and along Octoraro Creek. Garrison, on February 25, 1918, conveyed the mining rights thus acquired to the Chrome Mining Company, the real appellant. On June 28, 1918, Columbus O'Donnell Lee, Jacob Lindley and Richard H. Pleasants, receivers of the Tyson Mining Company, executed a quitclaim deed to the Chrome Mining Company, for any interest that the Tyson Mining Company may have in the mining rights conveyed to the former. It is these three deeds that plaintiff avers are a cloud on its title, and which it seeks to have annulled.

With the thought in mind that, when Garrison acquired whatever rights he obtained by the deed from Pleasants in 1917, the deed to plaintiff had long been of record, of which Garrison had notice, it may be well to look into the proceedings that led up to the latter's deed, which are part of the record, and were conducted in the Circuit Court of Baltimore. In the first place, the trustees of the Isaac Tyson, Jr., estate, had been discharged by the court after the conveyance to plaintiff upon their allegation that they had disposed of all the property belonging to the estate; so a new trustee had to be raised to make the conveyance to Garrison. It was set forth in the petition for the new trustee, that the estate made no claim to any mining rights, but that Garrison offered to pay to the estate one hundred dollars for a grant of its interest in them in Lancaster County, "notwithstanding the fact that he has been advised that all such interests have been disposed of and that said estate makes no claim thereto." The petitioner asked only for an order to sell "such uncertain mining rights and claims" as the estate might possess; and, in his deed, for the consideration named, the substituted trustee conveyed only the mining rights and privileges "which still remain a part of the property of the said Isaac Tyson, Jr." The pur-

chaser necessarily knew that what he was acquiring was enveloped in doubt, and must have realized he was buying a lawsuit.

Agreeing with the chancellor who heard this case, we are satisfied the proper construction of plaintiff's deed is that for which it contends; that the language of the grant clearly vests in plaintiff all mining rights in Chester and Lancaster Counties which were possessed by its grantor, and that these rights are not, in those two counties, limited, as they are in the State of Maryland, to such as are in and along Octoraro Creek. If however there were doubt on the question after reading the deed, a study of the writings, which were preliminary to and led up to the deed, will resolve all doubts in plaintiff's favor.

In the written agreement of sale with plaintiff's representative, Huy, it is set forth, that three things are to be acquired, (1st) the tract of land, (2d) all the land in Chester and Lancaster Counties in which the seller merely holds the mineral right, and (3d) all mineral rights in other lands abutting on Octoraro Creek. When we look at the deed, these three things are conveyed: the tract of land, the mining rights upon lands situate in Chester and Lancaster Counties and the mineral rights in other lands abutting on Octoraro Creek, which were those in Maryland. In the petition of the trustee to the Circuit Court of Baltimore for authority to make the sale, he set forth, that he had received an offer from plaintiff's representative for the land "provided that, at the same time, all the mineral rights and water rights owned by your petitioner in lands located in either Chester or Lancaster Counties in said State are conveyed to said H. F. Huy free of cost," and in the decree of sale, the court ordered the trustee to convey the land, "together with all the mineral rights and water rights belonging to said petitioner in either Chester or Lancaster Counties." There can be no question, in the light shed

on the deed by these papers, that the instrument conveys what plaintiff contends it does.

The only result of the deed to Garrison was to put a blot upon plaintiff's title, not to vest anything in him or those claiming from him. Nothing so certainly answers the definition of the term "cloud on title," as the placing on record of a deed for that which another owns, a grant which, although it assumes to convey something, in reality conveys nothing at all.

The technical term "cloud on title" is thus defined: "A cloud upon title is a title or encumbrance apparently valid but in fact invalid": Words & Phrases, 1st Series, vol. 2, page 1233. "A cloud on title has been defined as a semblance of title, either legal or equitable, or a claim of a right in lands, appearing in some legal form, which is, in fact, invalid, or which it would be inequitable to enforce": 5 Ruling Case Law 634. "The general rule is that, if the title against which relief is prayed is of such a character that, if asserted by action, and put in evidence, it would drive the true owner of the property to the production of his own title in order to establish a defense, it constitutes a cloud which he has a right to have removed. The rule is that relief will be granted in equity when the complainant shows a perfect title, legal or equitable, and the title of the defendant is shown to be invalid": 5 Ruling Case Law 657. "The jurisdiction of a court of equity to remove clouds from title is an independent source or head of jurisdiction, and whenever a deed or other instrument exists which may be vexatiously or injuriously used against a party, after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest......a court of equity will afford relief by directing the instrument to be delivered up and cancelled": Heppenstall v. Leng. 217 Pa. 491; Dull's App., 113 Pa. 510; Sears v. Scranton Trust Co., 228 Pa. 126.

In reaching our conclusion as to the correct construction of plaintiff's deed, we have disregarded the oral testi-

mony as to what took place before the execution of the agreement of sale; plaintiff's rights find their vindication in its deed and in the undisputed writings which led up to it. What has been said disposes of the case.

All the assignments of error are overruled and the decree is affirmed at appellants' costs.