(No. 14157.—Decree affirmed.)

THE SAINT BONIFACE ROMAN CATHOLIC CHURCH OF QUINCY, Defendant in Error, *vs.* FRED A. WOLF *et al.* Plaintiffs in Error.

*Opinion filed February 22, 1922.*

1. EQUITY—*bill should be dismissed unless relief prayed is incidental to jurisdiction of equity.* Unless the relief prayed in a bill is incidental to some relief which a court of equity has jurisdiction to grant, the bill should be dismissed.

2. SAME—*effect of dismissing a bill on demurrer for want of equity.* The dismissal of a bill on demurrer for want of equity, where the bill shows on its face that the complainants have a remedy at law, is equivalent to dismissal for want of jurisdiction.

3. RES JUDICATA—*res judicata must be clearly established.* Where *res judicata* or estoppel by verdict is relied on, it must clearly and certainly appear that the identical question was decided in a former suit.

4. SAME—*when dismissal of bill to construe deed is not a bar to subsequent suit for partition.* A decree sustaining a demurrer to and dismissing as without equity a bill praying solely for the construction of a deed and the declaring of the legal title to be in complainants, is not a bar, either as *res judicata* or estoppel by verdict, to a subsequent bill to construe such deed and for partition, where the decree did not attempt to construe the deed but merely sustained the demurrer and dismissed the bill in accordance with the chancery practice then prevailing, leaving the complainants to establish their title in a suit at law.

WRIT OF ERROR to the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding.

C. H. WOOD, for plaintiffs in error.

JOHN E. WALL, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error to review a decree for partition in accordance with the prayer of a bill filed by defendant in error in the circuit court of Adams county in 1919. Defendants to that bill have prosecuted this writ.

The land was conveyed to defendant in error in 1849 by Thomas Redmond. The deed recited the conveyance was made "for a cemetery for the burial of the dead and for no other purpose." At the time the conveyance was made the land was not in the city of Quincy, but the limits of said city have been extended so that the premises are now, and have been for a long time, in a residential district and defendant in error has not been permitted to bury bodies on the premises for a great many years. Most, if not all, the bodies have been removed from the land. Defendant in error conveyed a one-sixteenth interest in the premises to Fred A. Wolf, and the bill seeks partition, defendant in error claiming fifteen-sixteenths of the land and that Wolf is the owner of the other one-sixteenth. The bill prays that a decree be entered so declaring and that the heirs of Redmond have no interest in the premises by virtue of the deed of their ancestor. The heirs of Redmond, or some of them, filed pleas of *res judicata,* alleging the defendant in error filed a bill in the Adams county circuit court in 1904 in which the matters in controversy in this suit were adjudicated and settled, and prayed judgment whether they ought to be compelled to answer the bill and that they be dismissed with costs. The pleas set out the bill filed in 1904, the demurrer of defendants to it, the decree of the court sustaining the demurrer and dismissing the bill "without equity" at the costs of complainant. The pleas were set down for argument and upon hearing were overruled. Plaintiffs in error abided their pleas, and the court entered a decree as prayed in the bill.

The only question raised on this writ of error, as stated by the plaintiffs in error, is, "Did the decree of the circuit court dismissing the bill filed in 1904 without equity constitute *res judicata* as to the construction of the deed from Redmond and wife to the complainant, Saint Boniface Catholic Church of Quincy, Illinois?"

The bill filed in 1904 set up the complainant's title and the statement in the deed from Thomas Redmond that the premises were conveyed "for a cemetery for the burial of the dead and for no other purpose;" that Redmond and his wife are dead; that his heirs claim some interest in the land by reason of the alleged reservation or condition in the deed; that complainant desired a construction of said deed and that the title be quieted and declared vested in complainant free from any interest or claim from Redmond's heirs. The decree sustaining the demurrer to and dismissing that bill did not construe the deed, but merely recited that the demurrer was sustained, that complainant abided by its bill and that the same was dismissed "without equity." The bill filed in 1904 was for the construction of the deed from Redmond and no other relief was asked. When that bill was filed a court of equity did not assume jurisdiction to declare mere legal titles but left the parties to their remedy at law. Unless such relief was incidental to some relief which the court had jurisdiction to grant the bill should be dismissed. (*First Congregational Church* v. *Page,* 257 Ill. 472.) In *Seeley* v. *Baldwin,* 185 Ill. 211, a bill was filed to construe a deed, and the court held, as only legal titles were involved, equity would not take jurisdiction for the purpose of decreeing what they were. In the opinions in the cases referred to, numerous other decisions to the same effect are cited. The dismissal of a bill for want of equity on demurrer, where the bill shows on its face complainants have a remedy at law, is equivalent to dismissal for want of jurisdiction. (*Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 Ill. 516; *Peek* v. *Woman's Home Missionary Society,* 293 id. 337.) In this case partition is prayed, which gave the court jurisdiction, and the construction of the deed was incidental to that relief. Where *res judicata* or estoppel by verdict is relied on, it must clearly and certainly appear that the identical question was decided in a former suit. (*Chicago*

*Theological Seminary* v. *People,* 189 Ill. 439.)   It seems clear the former suit was not a bar to this suit, either as *res judicata* or estoppel by verdict.

No objection is raised to the decree if the court was authorized to entertain the bill and render a decree.   The decree is therefore affirmed.                *Decree affirmed.*