Victor E. Witherstine and Josephine Witherstine, Appellees, v. Marguerite Snyder and Henry H. Snyder, Appellants.

### Gen. No. 7,270.

1. FORMER ADJUDICATION—*decree against forfeiture of land contract not res judicata after conditions changed.* A plea of former adjudication in a suit to cancel a contract to convey land and to restrain defendants from taking possession of the property after a judgment against them in forcible entry and detainer is insufficient where based upon a former decree refusing to declare a forfeiture against defendants as inequitable because of the relatively

small amount in which they were in default under the contract, where it appears that thereafter they paid nothing more under the contract but continued in default of the monthly payments for more than a year in addition to the original period of default and have not paid or tendered any additional payments.

2. FORMER ADJUDICATION—*judgment of forcible entry and detainer not res judicata as to subsequent cause under same contract.* A judgment of forcible entry and detainer against purchasers of land who continued in possession after service upon them of written notice of forfeiture of their contract for default in payment of the monthly instalments due thereunder, which is pending in the Appellate Court on writ of error made a supersedeas, is not *res judicata* in a subsequent suit by the vendors to have the contract canceled for further default by the purchasers and to restrain them from taking possession of the premises, such subsequent default constituting a new cause of action, against which the former judgment is not a bar.

Appeal by defendants from the Circuit Court of Winnebago county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed January 7, 1924. Rehearing denied April 2, 1924.

CARLOS J. WARD, for appellants.

WELSH & WELSH, for appellees; C. K. WELSH, of counsel.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

The appellees, Victor E. Witherstine and Josephine Witherstine, filed their bill in the circuit court of Winnebago county against appellants, Marguerite Snyder and Henry H. Snyder, in which they sought to cancel a contract and restrain appellants from taking possession of the real estate described in the contract. Appellants filed two pleas. Upon a hearing the pleas were held insufficient. Appellants elected to stand by the pleas. They were defaulted and a decree was entered in accordance with the prayer of the bill. To review the decree an appeal has been prosecuted to this court.

The pleadings show that on July 14, 1920, appellees entered into a contract with appellants to convey the property in controversy and appellants agreed to pay $18,000 therefor, paying $4,000 on September 1, 1920, and the balance at the rate of $160 per month, beginning October 1, 1920. Appellants made the $4,000 payment and took possession on September 15, 1920. The property consisted of a large apartment house with four apartments. Appellants made five payments of $160 each. The last one was on February 4, 1921. Appellees on June 16, 1921, notified appellants in writing to make the payments on June 24, 1921, or a bill would be filed to forfeit the contract. Appellants did not pay appellees. Without declaring a forfeiture, appellees filed a bill in the circuit court of Winnebago county, praying that the contract be forfeited and the record thereof be canceled. The appellants filed an answer to the bill setting up that no forfeiture had been declared and that it would be inequitable to cancel the contract. There was a hearing upon the bill and answer, and on July 27, 1921, a decree was entered granting the relief prayed. A writ of error was prosecuted from this court to review the decree, and upon a hearing this court reversed the decree and remanded the case with directions to dismiss the bill on the ground that it would be inequitable to declare a forfeiture. (225 Ill. App. 189.) Upon the cause being redocketed in the trial court, on July 21, 1922, the bill was dismissed. After the decree was entered on July 27, 1921, appellants were dispossessed and appellees were put in possession of the property. Immediately after a writ of error in that case was sued out and was made a supersedeas, appellants again took possession of the property.

On July 28, 1922, appellees caused a written demand for payment of unpaid instalments and notice of forfeiture to be served on appellants, who were given until September 1, 1922, to make payment. Payment was not made, and on September 2, 1922, a written decla-

ration of forfeiture was served upon appellants and a written demand for possession was given them. On September 5, 1922, appellees instituted in the circuit court of Winnebago county an action of forcible entry and detainer, and on October 7, 1922, a judgment was rendered against appellants for possession, and appellees took possession under a writ. Appellants sued out a writ of error from this court which was made a supersedeas and that cause is now pending for hearing in this court at this term.

Upon the granting of the supersedeas in the last forcible entry and detainer suit, it is claimed by the appellees that the appellants threatened to take possession of the property, and on December 9, 1922, appellees filed their bill in the present case, in which they sought to restrain the appellants by temporary injunction from taking possession; and also sought to have the contract vacated, set aside and canceled of record. To this last bill, appellants filed two pleas. The first plea set up, in bar of the action, the decision of this court in the former equity case (225 Ill. App. 189), reversing the decree setting aside the contract and directing the trial court to dismiss the bill for want of equity. The second plea set up as a bar the forcible entry and detainer cause, which is now pending in this court. [See *post*, p. 251.] The court set these two pleas down for hearing and held that both pleas were insufficient. Appellants elected to stand by their pleas and a decree was entered granting the relief prayed for by the appellees.

The sole question in this case is as to the sufficiency of these two pleas. A final decree is a bar to a second suit between the same parties or their privies upon the same cause of action. *Graceland Cemetery Co. v. People*, 92 Ill. 619; *Meyer v. Meyer*, 40 Ill. App. 94. But where a former adjudication is relied upon as a bar to the entire action, technically known as an estoppel by judgment, there must be, as between the two actions, identity of parties, identity of subject-matter and

identity of causes of action. *City of Chicago v. Partridge,* 248 Ill. 442; *Markley v. People,* 171 Ill. 262; *Leopold v. City of Chicago,* 150 Ill. 568; *Wright v. Griffey,* 147 Ill. 496. Where a second suit is based on a different cause of action than the first, or is in reference to a different matter, or a different right, then the rule of *res judicata* has no application, except as to such matters as were actually in litigation and actually decided in the former proceeding relied upon as an estoppel. Where the second action is based upon a different claim or right and estoppel by verdict is relied upon, the plea, upon its face, must show that the issues upon which the. estoppel was claimed were identical with the second action, otherwise the plea is not good. *Chicago Theological Seminary v. People,* 189 Ill. 443; *St. Boniface Church v. Wolf,* 302 Ill. 204; *People v. Wyanet Elec. Light Co.,* 306 Ill. 377. A judgment or decree will not operate as an adjudication of rights not in existence at the time of its rendition. *Deke v. Huenkemeier,* 289 Ill. 154. A change of fact will not effect the estoppel if no new element is introduced and the legal rights and relations of the parties remain as before. *Tinker v. Babcock,* 204 Ill. 571.

The first plea sets up the decision of this court in the equity case as a bar to the action. We held in that case that equity did not favor forfeitures, and that the evidence showed that there was only a default of about four months in the payment of the monthly instalments as provided in the contract, and that it would be inequitable to permit appellees to declare a forfeiture after $4,454.67 had been paid, and only $713.23 was due, and that the appellants should have been given an opportunity to pay that amount and continue the contract. We did not hold in that case that a forfeiture could not be declared at any future time under changed conditions. The record shows that after that suit was reinstated in the trial court and the bill was dismissed, the appellants did not pay

or tender any money on the contract, but let it run along for a period of over a year and at the time the bill in this case was filed they were in default about nineteen months. If the appellants desired to avoid a forfeiture, it was their duty to pay or tender to the appellees the amounts that were due under the contract. If they failed to do so for a period of over one year after the former decree was reversed by this court, they certainly would not be permitted in equity and good conscience to set up that former adjudication as a bar to a subsequent cause of action. In the case at bar, new conditions had arisen which were not in existence at the time of the former decree. These new conditions were such as materially changed the rights of the parties, and for that reason the first plea of former adjudication was not sufficient and the court properly so held.

The second plea sets up as a bar the former judgment in forcible entry and detainer, from which a writ of error was prosecuted from this court, and the writ of error was made a supersedeas. Most of what has been said with reference to the first plea may very properly be said with reference to the second plea. The prior judgment in the forcible entry and detainer suit was against the appellants and entitles the appellees to the possession of the premises. The conditions have changed materially. If, after that judgment was rendered, there was a subsequent default in payment, which the bill in this case alleged, a new cause of action would arise which would entitle the appellees to maintain another suit in forcible entry and detainer, and the prior judgment would not be a bar to such subsequent suit in forcible entry and detainer. For this reason the second plea was not good.

The court properly held these two pleas insufficient and the judgment will be affirmed.

*Judgment affirmed.*