(No. 18460.—

THE TRUSTEES OF SCHOOLS, Appellees, *vs.* JOSHUA WILSON *et al.* Appellants.

*Opinion filed April 20, 1929.*

JOSEPH W. RICKERT, for appellants.

A. C. BOLLINGER, for appellees.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellees, as trustees of schools in township 1 south, range 10 west, third principal meridian, in Monroe county, filed their bill in the circuit court of that county against appellants, Joshua Wilson and Luella B. Wilson, his wife, to remove an alleged cloud and to quiet the title to certain real estate in the village of Columbia. Appellants answered the bill, denying that appellees were entitled to the relief prayed. There was a hearing before the chancellor, a decree was entered as prayed, and an appeal has been prosecuted to this court.

On June 7, 1869, John H. Wilson and wife, the parents of appellant Joshua Wilson, for a consideration of $400 conveyed to seven persons in trust the real estate in question. The conveyance was to the trustees and their successors in office appointed in accordance with the discipline and usages of the Methodist Episcopal Church, South. They were to erect an addition to the building then on the premises and repair the upper story, to be used by the members of the church as a place of worship according to the rules and discipline which from time to time might be agreed upon and adjudged by the ministers of the church at their general conference. They were at all times to permit such ministers appointed by the general conference to preach and expound God's Holy Word therein. The lower story of the building was to be used for a private school and for such other purposes as the trustees might think proper. For a number of years prior to the filing of the bill the church had ceased to function, leaving the property vacant. The school board of Columbia desired to purchase the property for $1500. There were no trustees to make a deed. Upon the suggestion of the presiding bishop and the presiding elder of the territory the property was attached to the Murphysboro charge. Three trustees were elected to succeed the former board. They were authorized by the quar-

terly conference to sell the property to appellees for $1500 and execute a deed. The proceeds of the sale were to be turned over to the trustees of the district to repair the parsonage. A resolution to this effect was adopted, and on February 22, 1927, the trustees conveyed the real estate to appellees.

· The bill set up the facts as above stated, alleged that appellees were the owners in fee and they and their grantors had been in possession since June, 1869; that appellant Joshua Wilson, as the son of the original grantor, denied the right of the church authorities to make a legal conveyance of the premises, and he insisted that the fee had reverted to and vested in him by reason of the language used in the deed from his father to the Methodist Episcopal Church, South; that the claim of Wilson was a cloud upon the title of appellees, tended to depreciate the value of the premises and to prevent the proper and legal use thereof, and that such pretended and groundless claim should be declared and held for naught, canceled and removed as a cloud upon the title of appellees. The answer of appellants denied that appellees were the owners in fee or in possession; denied that the Methodist Episcopal Church, South, ever acquired, owned or possessed title; denied that the trustees of that church had legal authority to execute and deliver the deed to appellees, and denied that the church trustees acquired any right or interest in the premises under the deed of Wilson and wife in 1869.

The only evidence offered before the chancellor consisted of two deeds in question, the record of the meeting appointing the new trustees, and the resolution authorizing them to sell and dispose of the property. The decree found that the claim of appellants should be held for naught, canceled and removed as a cloud upon the title and that appellants had no interest in the premises.

Several grounds for reversal are urged, but it will only be necessary to consider one of them. A court of law is

the proper forum for the trial of legal titles. Equity has no jurisdiction of a bill filed for the sole purpose of obtaining a construction of a deed where only the legal title is involved and the only cloud which exists is by reason of some language of the deed itself. (*St. Boniface Catholic Church* v. *Wolf,* 302 Ill. 204; *Prather* v. *Lewis,* 287 id. 304; *First Congregational Church* v. *Page,* 257 id. 472; *Steeley* v. *Baldwin,* 185 id. 211; *Harrison* v. *Owsley,* 172 id. 629.) A bill will not lie to remove as a cloud on the title a mere verbal claim or oral assertion of ownership in land. The clouds which may be removed by a court of equity consist of instruments or other proceedings in writing which appear upon the record and cast doubt upon the validity of the record title. (*McCarty* v. *McCarty,* 275 Ill. 573; *Allott* v. *American Strawboard Co.* 237 id. 55; *Parker* v. *Shannon,* 121 id. 452.) The bill in this case was filed for the sole purpose of securing the construction of the language used in a deed. The alleged cloud was the mere verbal claim of ownership by appellants. The bill did not state such a cause of action as authorized equity to grant relief. The alleged cloud was not a cloud as defined by the authorities. The evidence consisted of the deeds which were to be construed by the court. The bill was defective, the evidence did not establish a cause of action or show that appellees were entitled to the relief prayed, and the decree was erroneous in granting relief.

The decree will be reversed and the cause remanded, with directions to dismiss the bill.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.
*Reversed and remanded, with directions.*