Liddick v. Louden

*S. E. Troutman*, for plaintiff.
*Harry B. Crytzer*, for defendant.

RICE, P. J., February 1, 1945.—This proceeding is a bill in equity quia timet, and it comes before the court on preliminary objections under Rule 48 of the Rules of Equity Practice.

The bill avers, inter alia, that Alfred A. Liddick, a resident of Buffalo Township, Perry County, died intestate on February 19, 1941, leaving to survive him as his heirs at law two children, namely, Sheridan C. Liddick, the plaintiff, and Clyde Liddick, seized of a tract of land situate in the said township, containing 164 acres, more or less; that on February 26, 1941, letters of administration of the personal estate of the said decedent were granted by the Register of Wills of Perry County to Sheridan C. Liddick, the plaintiff; that on April 16, 1941, the said Clyde Liddick and his wife, by their deed duly recorded, conveyed his undivided one-half interest in said tract of land to the said Sheridan C. Liddick; that on September 3, 1942, defendant presented to the Orphans' Court of Perry County her petition, by her attorney, averring that the said Alfred A. Liddick did not leave a spouse to survive him but did leave to survive him three children, namely, the said

Sheridan C. Liddick, of Buffalo Township, Perry County, the said Clyde Liddick, of East Pennsboro Township, Cumberland County, and Edna Liddick Louden, the petitioner, of Harrisburg, Dauphin County, that she is entitled to one third of the estate of the said Alfred A. Liddick under the intestate laws, and that the said Sheridan C. Liddick, administrator of the estate of the said Alfred A. Liddick, deceased, has failed to file an account and pay to her any money for or on account of her share of the decedent's estate, and praying that a citation to the said Sheridan C. Liddick be issued to appear and show cause why he should not file an account as administrator of the said estate, whereupon the orphans' court awarded a citation, returnable September 15, 1942; that on September 12, 1942, the said Sheridan C. Liddick filed an answer to the said citation, denying that the said Alfred A. Liddick left three children to survive him, averring that he left only two children to survive him, namely, Sheridan C. Liddick and Clyde Liddick; that the said Alfred A. Liddick never married Mrs. Laura Gonder, the mother of the said Edna Liddick Louden, and that the said Edna Liddick Louden is not a legitimate child of the said Alfred A. Liddick, and denying that the said Edna Liddick Louden is entitled to any part or share of the estate of the said Alfred A. Liddick; that no further proceedings have been taken by the said Edna Liddick Louden in or toward the enforcement of her claim as an heir at law or next of kin of the said Alfred A. Liddick; that on July 5, 1944, the said Sheridan C. Liddick entered into a written contract with E. D. Beigh, of Liverpool Borough, Perry County, selling and agreeing to convey to the said E. D. Beigh the said tract of land for the price or sum of $2,000, of which $100 was paid on the execution of the contract, and of which the balance, to wit $1,900, was to be paid on or before January 1, 1945, when a deed of conveyance of the said tract of land was to be delivered; that, in accordance with the

provisions of the said contract, the said E. D. Beigh took immediate possession of the said tract of land; that, by reason of the claim of the said Edna Liddick Louden to be a child and heir at law of the said Alfred A. Liddick, the said E. D. Beigh has refused to pay the balance of the said purchase money of the said tract of land; that the plaintiff avers and believes that the said Edna Liddick Louden is not a child and heir at law of the said Alfred A. Liddick, and that the said Alfred A. Liddick was never married to Laura Gonder, the mother of the said Edna Liddick Louden; and that the said Edna Liddick Louden, by her claim as a child and heir at law of the said Alfred A. Liddick, has cast a cloud upon the title of plaintiff to the said tract of land. The bill prays that the claim of the said Edna Liddick Louden to a share of the estate of the said Alfred A. Liddick as one of his children and heirs at law, under the intestate laws, be declared null and void and asks such other relief as the court may deem proper.

For the purpose of the preliminary objections, the facts averred in the bill and all proper inferences from them must be taken to be true, and no fact not averred in the bill should be considered. This is in harmony with the old rule that a demurrer admits the truth of the facts averred in the pleading to which the demurrer is filed.

The first objection is "That upon the facts averred plaintiff has a full, complete and adequate remedy at law." This is the sixth reason allowed in Equity Rule 48 for objecting preliminarily to a bill. The answer containing the objections does not specify any remedy at law which counsel for defendant contends is full, complete, and adequate, and we do not understand that any such specification is necessary. At the argument on these objections, it was claimed that plaintiff's proper remedy is a rule on defendant to bring ejectment or a rule for an issue to be tried before a jury and that plaintiff as administrator could file an account and

have an auditor appointed to make distribution and thus the validity of the claim of defendant could be settled. The writer of this opinion suggested a proceeding for a declaratory judgment as an available remedy for plaintiff. We will now discuss these three remedies to determine whether plaintiff may invoke any of them.

The Act of March 8, 1889, P. L. 10, as amended by the Act of April 16, 1903, P. L. 212, authorized the court of common pleas of the proper county, upon a proper application, to grant a rule upon a. person, not in possession but claiming an interest in lands in the possession of the applicant, to bring an action of ejectment for such land within six months. The Act of June 10, 1893, P. L. 415, authorizes the court of common pleas of the county where lands, the title to which is in dispute, are situate, upon the application of a person in possession of such lands, to grant a rule upon a person, not in possession but claiming an interest therein, for an issue to determine their respective rights and interests to and in such lands. Both acts were enacted for the purpose of quieting title to real estate, and under each the respondent in the rule may be forever barred from bringing any action to recover the land he claims. Both acts have been held to provide adequate remedies for one in possession of land against one not in possession to settle any controversy between them respecting the title to the land; but it has also been held that no one can initiate a proceeding under either act unless he is in possession at the time of his application: Heppenstall v. Leng, 217 Pa. 491; Hemphill v. Ralston et al., 278 Pa. 432; Girard Trust Co., Trustee, v. Dixon et al., 335 Pa. 253. In Heller et ux. v. Fishman et al., 278 Pa. 328, it was held that one in possession of disputed land may not proceed by bill quia timet but must invoke the remedy of one of these statutes. Since the bill avers that E. D. Beigh took possession of the said tract of land, it may be inferred that he was in possession when

this bill was filed, and the consequence is that plaintiff may not invoke the remedies of these statutes.

Plaintiff as administrator of the estate of Alfred A. Liddick may, and under certain conditions he must, file an account of the personal estate of the intestate, and if such account shows a balance in his hands for distribution he may file a statement of proposed distribution or may ask for the appointment of an auditor to make distribution. If an auditor should be appointed, he would have power to pass upon the claim of Edna Liddick Louden as a child and next of kin of Alfred A. Liddick, and his findings and conclusions, confirmed by the orphans' court, would, if unreversed, become conclusive as to her right to share in the distribution of the fund before the orphans' court for distribution. But the action of the auditor and the orphans' court would not be res adjudicata of the right of Edna Liddick Louden to share in the distribution of any other fund or estate, real or personal, as a child, next of kin, or heir at law of Alfred A. Liddick: Lease, Exec., v. Ensminger, 5 Pa. Superior Ct. 329; Kellerman's Estate, 242 Pa. 3; Reamer's Estate, 331 Pa. 117; Laughlin's Estate, 336 Pa. 529; Jankaitis v. Harleigh Brookwood Coal Co., 134 Pa. Superior Ct. 125. Besides, there is not sufficient identity between Sheridan C. Liddick, administrator of the estate of Alfred A. Liddick, and Sheridan C. Liddick as an owner of real estate of the intestate to meet the essential principles of the doctrine of res adjudicata. It must be concluded, therefore, that an adjudication by the orphans' court of the claim of defendant to a share of the personal estate of the intestate would not adjudicate her claim to a share of his real estate, and the suggested remedy in the orphans' court does not provide plaintiff with such a remedy as will oust the jurisdiction of the court to entertain the pending bill.

There remains for our consideration a proceeding under the Uniform Declaratory Judgments Act. Section 1 of the original Act of June 18, 1923, P. L. 840, provides:

". . . courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree."

Section 4 of the same act provides:

"Any person interested, as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto—

"(a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others; or . . .

"(c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."

Section 5 of the same act provides:

"The enumeration in sections two, three and four does not limit or restrict the exercise of the general powers, conferred in section one, in any proceeding, where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

Section 12 of the same act provides:

"This act is declared to be remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered."

Defendant, by her claim, asserts a status and legal relation with respect to Alfred A. Liddick, and if her claim is true she is entitled to a share of his estate,

real or personal, under the intestate laws. It is very clear that such status and legal relation and her right to share in the intestate's estate should be held to be the subject matter of a declaration of a court of record under section 1, supra, which gives a court of record authority to affirm or deny her status, relation, and rights as claimed. Whether the court of record having jurisdiction would be the court of common pleas or the orphans' court need not be decided now. Under section 4, supra, the proper court would have power to ascertain the children of Alfred A. Liddick entitled to his estate as heirs or next of kin. In Spencer, etc., v. Spencer et al., 47 D. & C. 192, Judge Richards, of Dauphin County, entertained a declaratory judgment proceeding to determine the legitimacy of the birth of a person who claimed rights under three trusts and made a declaration that the claimant was not of legitimate birth. In Melnick v. Melnick, 147 Pa. Superior Ct. 564, Melnick v. Melnick et al., 154 Pa. Superior Ct. 481, Lansinger v. Lansinger et ux., 26 D. & C. 701, Lansinger v. Lansinger et al., 30 D. & C. 291, and Vigilante et al. v. Accor et al., 36 D. & C. 44, declaratory judgment proceedings to determine the validity of marriages and divorces were held to be within the scope of the Uniform Declaratory Judgments Act. We believe that the proper court would have jurisdiction, under the said act, over a proceeding to determine the truth or falsity of defendant's claim and that such determination would, if unreversed, be conclusive on the parties to the proceeding and terminate the controversy and remove the uncertainty with respect to her claim and rights.

Section 6 of the said act gave the court entertaining jurisdiction of such a proceeding a certain discretion to refuse to render or enter a declaratory judgment, and the Supreme Court, in a line of cases which it is not necessary to consider, laid down certain conditions controlling the exercise of such discretion. Then followed the Act of April 25, 1935, P. L. 72, amending section 6

of the original act, which amending act the Supreme Court, in Moore v. Moore, 344 Pa. 324, declared widened the scope of the Act of 1923. Then followed another line of cases construing and applying the Act of 1935 in such a way as, it seems, to limit the scope of this statutory system, notwithstanding the declaration in Moore v. Moore, supra. Anyhow, the legislature, by the Act of May 26, 1943, P. L. 645, again amended section 6 of the Act of 1923. The amended section contains two sentences, the first of which relates to the existence of controversies and antagonistic claims, and the second of which relates to the existence of other suitable remedies, thus creating certain conditions that must exist for the application of the statutory system. The first sentence of section 6 of the Act of 1943 is:

"Relief by declaratory judgment or decree may be granted in all civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding . . ."

The petition of defendant to the orphans' court has started an actual controversy over the distribution of the personal estate of plaintiff's father and asserts a claim so antagonistic to plaintiff as to indicate future litigation between these parties over the real estate mentioned and described in the bill. Plaintiff asserts that Alfred A. Liddick had only two children surviving him, and defendant asserts that he had three and that

she is one of the three. Thus, there is the assertion and denial of the relationship of parent and child between Alfred A. Liddick and defendant, and the distribution of his estate depends on an adjudication of the alleged relationship. That such an adjudication will serve to terminate the uncertainty and controversy respecting the claim of defendant is specifically provided by the statute in section 1, supra, where it is stated that "such declaration shall have the force and effect of a final judgment or decree". Proceedings for further relief to enforce a declaration and give it concrete effect are authorized in section 8 of the Act of 1923. Section 12 of the act says:

"This act is declared to be remedial. Its purpose is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and [it] is to be liberally construed and administered."

A judgment would surely accomplish that purpose.

The second sentence of section 6 as amended by the Act of 1943 reads thus:

"Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present; but proceedings by declaratory judgment shall not be permitted in any case where a divorce or annulment of marriage is sought."

We have already concluded that, because plaintiff is not in possession of the lands in dispute, he cannot avail himself of the statutory remedy of a rule to bring ejectment or a rule for an issue and that an adjudica-

tion by the orphans' court of the right of defendant to share in the personal estate of Alfred A. Liddick would not adjudicate her right to share in his real estate. Since plaintiff claims to own the real estate in severalty, he cannot start a partition proceeding. We know of no statutory remedy for plaintiff, unless it be a declaratory judgment proceeding. Ejectment is a common-law remedy to try title to real estate, recognized and regulated by statute, but, since defendant is not in possession, plaintiff cannot bring ejectment. There is no allegation of any trespass by defendant, and an action of trespass does not lie. We have no knowledge of any other applicable common-law remedy. There is also no extraordinary legal remedy, according to our understanding of the meaning of the word "extraordinary" as used in this section. That leaves for our consideration the question whether the pending action, a bill quia timet, is an available and appropriate remedy. Even if it is, that would not debar plaintiff from obtaining a declaratory judgment and would call for the exercise of judicial discretion whether a bill quia timet or a declaratory judgment would be best suited to give plaintiff adequate relief; but if the pending bill is not, by reason of its own inherent nature, available, that is, if it cannot be maintained to a final judgment on the facts, the unavoidable result is that the plaintiff must resort to a declaratory judgment.

The jurisdiction of a court of equity to remove a cloud on title to real estate has been well settled in Pennsylvania and other States, but whether the petition of defendant to the orphans' court, in which she claims the rights of a legitimate child of Alfred A. Liddick, is a cloud on the title to plaintiff's real estate devolving, as he claims, on him and his brother only, is a question that must be decided sooner or later in this action.

"The technical term 'cloud on title' is thus defined: 'A cloud upon title is a title or encumbrance apparently valid but in fact invalid'; Words & Phrases, 1st Series,

vol. 2, page 1233. 'A cloud on title has been defined as a semblance of title, either legal or equitable, for a claim of a right in lands, appearing in some legal form, which is, in fact, invalid, or which it would be inequitable to enforce': 5 Ruling Case Law 634. 'The general rule is that, if the title against which relief is prayed for is of such a character that, if asserted by action, and put in evidence, it would drive the true owner of the property to the production of his own title in order to establish a defense, it constitutes a cloud which he has a right to have removed. The rule is that relief will be granted in equity when the complainant shows a perfect title, legal or equitable, and the title of the defendant is shown to be invalid': 5 Ruling Case Law 657": Octoraro Water Co. v. Garrison et al., 271 Pa. 421, 427.

"A cloud upon a title which a court of equity has jurisdiction to remove is where there is an apparently good title or claim against that of the plaintiff, which, however [meaning the claim against the plaintiff], is really defective by reason of something not appearing of record. . . .": Born et al. v. Pittsburgh, 266 Pa. 129 (syllabus), per Shafer, J., whose opinion was adopted by the Supreme Court.

"Some color of title in defendant must be shown to constitute a cloud, and if the alleged cloud has not even the appearance of validity, there is no ground for invoking the aid of equity to remove it": 51 C. J. 150.

"Equity will not interfere to remove a cloud on title where the invalidity of the instrument or claim complained of appears on its face, or is established conclusively by matters of record; where extrinsic facts must be proved for the purpose of establishing its validity; or where the party claiming under it must, in order to recover thereon, necessarily offer evidence inevitably showing its invalidity and destroying its effect": 51 C. J. 150, 151.

For other definitions and principles we refer to the extensive note on "Cloud on Title" in 78 A. L. R. 24-

313, where, at page 40, it is stated: "It has been repeatedly held that a cloud is not created by a mere assertion, whether oral or in writing," with numerous citations in support, among them Andrews v. Landis, 24 Dist. R. 876, and Devine v. Los Angeles, 220 U. S. 313, in which it was said: "We do not understand . . . that a bill will lie to dispel mere verbal assertions of ownership as clouds on title." We have not been able to find any Pennsylvania appellate court case directly ruling that a mere claim, oral or written, of ownership of real estate is not a cloud on title, but that may be deduced from the definitions of cloud on title given in Octoraro Water Co. v. Garrison, supra, and from the general doctrine of the Pennsylvania cases, stated thus: Whenever a deed or other instrument exists, which may be vexatiously or injuriously used against a party after the evidence to impeach or invalidate it is lost, or which may throw a cloud or suspicion over his title or interest and he cannot immediately protect or maintain his right by any course of proceeding at law, a court of equity will afford relief by directing the instrument to be delivered up and canceled or by making any other decree which justice or the rights of the parties may require: Martin v. Graves, 5 Allen (Mass.) 661, quoted in whole or in part, or cited with approval, in Stewart's Appeal, 78 Pa. 88, Dull's Appeal, 113 Pa. 510, Siegel v. Lauer et al., 148 Pa. 236, Smith v. Hibbs, 213 Pa. 202, Heppenstall v. Leng, 217 Pa. 491, Sears v. Scranton Trust Co., 228 Pa. 126, Octoraro Water Co. v. Garrison, 271 Pa. 421, Heller et ux. v. Fishman et al., 278 Pa. 328, and Yonkers & Co., Ltd., et al. v. Warden et al., 8 Pa. Superior Ct. 395.

We think the doctrine may be briefly stated in these words, taken from the opinion in Trustees of Schools v. Wilson et ux., 334 Ill. 347, 166 N. E. 55, 78 A. L. R. 22, 24:

"Clouds which may be removed by a court of equity consist of instruments or other proceedings in writing

which appear upon the record and cast doubt upon the validity of the record title."

Now, the alleged cloud is a writing, filed in the Orphans' Court of Perry County and, we assume, recorded in its docket, but it is made and executed by the defendant only and is a self-serving declaration; it is not a title apparently valid, or a semblance or color of title, or a claim to land in some legal form; it would not be admissible in evidence in any action, has no probative force, would not meet any burden of proof, and would not drive the true owner to the production of his own title in defense. Of course, if the defendant can substantiate her claim by competent, credible, and sufficient evidence, then her claim can be enforced if she moves in due time, but for the purposes of the preliminary objections the averment in the bill that the defendant is not a legitimate child of Alfred A. Liddick must be deemed to be true. Hence, we must hold that the defendant's petition to the orphans' court does not constitute a cloud on title, and that the pending bill cannot be maintained.

It follows that the controversy or threatened controversy between the parties to this bill is, to paraphrase the language of the first subjunctive clause of the second sentence of section 6 of the Act of 1923 as amended in 1943, unsusceptible of relief through a general common-law remedy, or an equitable remedy, or an extraordinary legal remedy, and that the plaintiff has a full, complete, and adequate remedy under the Uniform Declaratory Judgments Act.

The second preliminary objection is that "the pleadings objected to in the bill in equity do not legally constitute a cloud on title". This objection is not clearly stated. By reference to the bill we find that the only writing mentioned in the bill which may be called a pleading and to which the plaintiff may be said to object is defendant's petition to the orphans' court, and we will treat this objection as if it asserted that the said

petition does not constitute a cloud on title. The only one of the seven classes of reasons permitted in Rule 48 of the Equity Rules to which this one could belong is the seventh, which is: "That, for any other reason, defendant should not be required to answer the facts averred, since he has a full and complete defence to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it." Now, this objection, if sound, is a complete answer to plaintiff's claim and requires no evidence; it is the equivalent of a demurrer and is an indirect assertion that the bill does not disclose a cause of action. We have already determined that the bill does not aver any facts constituting a cloud on title, and this objection must be sustained.

Rule 49 of the Equity Rules provides: "If the only objection sustained is that plaintiff has a full, complete and adequate remedy at law, the bill shall not be dismissed, but shall be certified to the law side of the court for further proceedings."

This does not apply because we sustain both objections.

### Decree

And now, February 1, 1945, upon consideration of the foregoing case, it is ordered, adjudged, and decreed that the preliminary objections to the bill be and are sustained, that the bill be and is hereby dismissed, and that plaintiff pay the costs. Exception granted.